# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

CASE NO. ____________

**PLAINTIFF(S)** [Write the name(s) of the person(s) complaining. Do not use **et al.**]

Emile I. Fumas Jr

vs.

**DEFENDANT(S)** [Write the name(s) of the person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title if you know it. Do not use **et al.**] You may attach an additional page to add more defendants.

Connecticut Dept. Correction Commissioner

Bridgeport correctional center

Corrections officer Rivera

Corrections officer Cain

Correction Lt. Garibaldi

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Complete every section and **SIGN PAGE 7.**

## A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. [✓] State, county, or city employees for violating my federal rights under 42 U.S.C. Sec. 1983/1985/1986; OR

2. [ ] Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

## B. PLAINTIFF (THE PERSON FILING THIS COMPLAINT)

If there is more than one plaintiff, attach additional pages. Provide items a, b, and c for each plaintiff.

1. First Plaintiff
   a. Full Name: Emile I. Tsamo Sr
   b. Inmate Number: 272504
   c. Correctional facility: Bridgeport Correctional Center

2. Indicate whether you are a prisoner or other confined person as follows (check all that apply):

   [✓] Pretrial detainee
   [ ] Civil committed detainee
   [ ] Immigration detainee
   [ ] Convicted and sentenced state prisoner
   [ ] Convicted and sentenced federal prisoner
   [ ] Other (explain)____________________

**C. DEFENDANT (THE PERSON WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)** Provide items a, b, and c for each defendant. If you are suing more than six defendants, attach additional pages. You may attach an additional page to add more defendants.

1. First Defendant
   a. Full Name: Rivera
   b. Rank or Title: C.O.
   c. Workplace: B.C.C.
2. Second Defendant
   a. Full Name: Caind
   b. Rank or Title: C.O.
   c. Workplace: B.C.C.
3. Third Defendant
   a. Full Name: baribaldi
   b. Rank or Title: Lt.
   c. Workplace: B.C.C.
4. Fourth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:
5. Fifth Defendant
   a. Full Name:
   b. Rank or Title:
   c. Workplace:

F. DO YOU WISH TO HAVE A JURY TRIAL? YES [✓] NO [ ]

G. PLAINTIFF'S CERTIFICATION AND WARNINGS

**Warning: You must sign this, or your complaint will not be filed.**

By signing this complaint, I certify that I have read the following:

**Before you file your Complaint, contact Inmate Legal Aid Program. Common mistakes can get your case dismissed as frivolous or for failure to state a good legal claim.** If this happens, you will still have to pay the filing fee, even if you are proceeding in forma pauperis. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. Failure to use the prison grievance process before suing: If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. Complaining about incidents that happened a long time ago: If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. Suing people who were not personally involved: You can generally only sue defendants who were directly involved in harming you.

4. Suing defendants who have immunity to suit for money damages: You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison: If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. See *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

6. Please be advised that you may be denied *in forma pauperis* status if you have filed three of more cases as a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim. The Prison Litigation Reform Act ("PLRA") amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Akassy v. Hardy*, 887 F.3d 91, 93 (2d Cir. 2018) ("'the PLRA contains a "three-strikes" rule that bars prisoners from proceeding IFP if they have a history of filing frivolous or malicious lawsuits,' with an exception provided for a prisoner who is in imminent danger of serious physical injury.") (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).

Please note that this is not a complete list of the problems you might encounter with your case. The Court cannot give you legal advice. You will be required to comply with Court rules and procedures, even though you are proceeding without a lawyer. Your best strategy is to call Inmate Legal Aid Program before you file a complaint. If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.

Further, by signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: Emile J. Issmaël

Signed at: Bridgeport C.C. on 03.13.24
(Location) (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. **The complaint cannot be filed without a signature from each plaintiff**.

United States District Court
District of Connecticut

①

Emile I Tanni Sr
Pro se Plaintiff

V.

A. Connecticut Department of Commissioner
B. Bridgeport Correctional Center
C. Corrections officer Cain
D. Corrections officer Rivera
F. L.T. Archibald (corrections)
F

= Complaint (02.13.04)
= Jury trial demanded
= All parties sued
= in their individual
= and official job
= capacities All
= parties "Acted
= under color of
= State law"

...stitution, The U.S. Constitution and state of
had he not been the complaintant also believes th
he would not been African American minority de
There are not have been subject to such cond
Pre-trial many similarly situated concession
custody of detainees and inmates within the
who are Conn, department of corrections
harm, not subject to such illicit bodily
benefit targeting, or retaliation: "And" to full
the equal of all laws and
security of persons and proceedings, for
enjoyed by white citizens" property as is
the defendants, are To full extent that
of Conn. Dept. Employees of the state
Bridgeport of Corrections within the
acted correctional center. "And" "They
the under color of state law while abusing
conduct power(s) given to them by the state. This
suffering directly caused the complaintant
afterwards, and injuries to form and worsen
mid and This plaintiff now suffers from serious
dizzyness, upperback pain, neck stiffness, headaches
broken and shoulder pain as well as a
back feet that was rebroken during this
mentally and is swollen The plaintiff is also
powers ill. Thus by and through the abusiveness
conditions by the defendants, the plaintiffs
begin to multiply and worsen.

Rules of Civil procedures, 28. 1367

3. District Court of Connecticut is an appropriate venue under 28 U.S.C. Sec. 1391(b)(2) Because it is where the events given rise to the claim occurred.

4. Pro-se African-American plaintiff, Emile Tomma #[illegible], was at all times mentioned herein, A pretrial detainee of the state of connecticut, in the custody of the connecticut department of correction. (DOC.) He is currently detained at Bridgeport Correctional center/BCC.

5. <u>Statement of legal Claims</u>

The defendants actively participated in the deprivation of the plaintiffs procedural safegaurd's against arbitrary and capricious determination in administrative and Medical safety and Equal treatment through discriminatory acts/actions, Depriving him of Rights set forth herein this complaint. Also acting with disregard in Breach of professional conduct and duties, In full Knowledge of the job requirements being duly sworn in by and through the Vanguards as well as tenets of their professional title and degree, to ensure citizen's protected classes not be tampered with and safety while in the

5. hands of DOC custody. Furthermore, to the extent of causing deterioration of the complaintants mental health and physical health to that which can be deemed as nothing less of life altering and unlawful. The defendants not only sought to obstruct justice and the avenues to seek help for the plaintiff, the defendants also completely endangered the plaintiffs life and well being with wanton disregard for the plaintiffs physical and mental state of wellness in complete and absolute violation of the plaintiffs VIII (8th) and XIV (14th) Amendment Rights to the united States of America

6. Defendants

A. Connecticut department of corrections commissioner gainfully employs 15 or more employees including the culprits of the aggressive actions taken against the plaintiff, who acted under color of state law.

B. Bridgeport Correctional Center is where the Brutal, unjustice and discriminatory conduct took place and is a D.O.C. facility in Connecticut.

C. Corrections officer Rivera works at the Bridgeport correctional center as an employee of the Conn. D.O.C. leading an attack within conjunction with federal grant

C. money receipiant guideline violations with core administrative Directive 2.17 and 2.22 policy violation(s) by acting completely barbaric during an illicit attack on mentally ill plaintiff

D. Corrections officer Cain works at the Bridgeport correctional center as an employee of the conn. D.O.C. leading an attack within conjuction with federal grant money receipiant guideline Violations with core administrative Directive 2.17 and 2.22 policy violation(s) by acting completely barbaric during an illicit attack on a mentally ill plaintiff.

E. Corrections LT Garibaldi was the overseeing LT who conducted an illegal, bias, retalitory and neglecting set of events completely against his job title as he has a reputation for acting within the facility striking fear in the heart of the mentally ill plaintiff also against Administrative Directives 2.17 and 2.22 abusing his authority ignoring his Administrative responsibilities, within core violation of Federal grant receipiant guidelines.

7.

Capacities

All defendants actions, acts, were made under color of law, And are all being sued to their individual and official capacity.

8. Equity

A. pro-se plaintiff has no adequate, plain, or complete remedy at law to redress the wrongs described herein. B. Pro-se plaintiff has been and shall remain with severe injuries mental and physical, due to direct conduct of the defendants, their subordinates, agents, and participants, unless the courts grant the declaratory and injunctive reliefs the plaintiff seeks, the defendants will have succeeded in perverting and manipulating justice as well as the legal processes governing this sacred land.

9. Exhibits and Facts supported thereby.

A. ON 02/08/24 Plaintiff was called to AP by LT Garibaldi when he Emile J. Tamar Jr arrived to AP to find out why he was being called to A.P. He was met by LT Garibaldi, C.O. Rivera, and C.O. Gomes LT Garibaldi informed Emile J Tamar Jr that he was caught on camera holding the door to prevent the C.O. (Gomes) from closing the door despite the fact on camera the plaintiff Emile J Tamar Jr had the door closed on his body while attempting to place his property into the cell which he was stationed (9)

restraints and given Haldol, Adavan, and benadryl to calm down. I spent 9 days in the hospital under watch/RHU status while I was in the hospital I was told my time counted by several staff (my time in SEG/RHU) when I finally came off of my level 5 status and I went from a level 4 status back to a level 3 the doctor allowed me to return to regular status, however while I was on the level 5 and 4 status I was still being treated as a RHU inmate due to the dual status I was on, Allowing them to deprive me of my liberties and privileges with no basis. When I asked the C.O. John Doe who's responsible for keeping me in RHU longer I was told the Defendant (Garibaldi) and the Warden. When I was finally released from RHU I was told by the Deputy Warden that my time don't count when I was in the hospital because of people in the past have faked a sickness and because of that my

11. Plaintiff is also seeking $10,000 in punitive damages

## Injunctive Relief

Plaintiff is seeking a order of protection from officer Lewis & officer Rivera as well as to be transferred. Plaintiff doesn't feel safe in this facility with them being employed here as long as I am being housed here. I'm also asking to be permitted to have a specific shoe for my right foot since it was aggravated by these officers action their misconduct and excessive force interfered with the healing process

Respectfully Submitted

X Emile J. Tusma Jr

Emile J. Tusma Jr

| | |
|---|---|
| Facility/Unit: B.C.C. 38 A . 4 | Date: 02. 18. 24 |
| Inmate name: Emile I. TSUMA Sr | Inmate number: 272504 |

**INMATE ADVISEMENT**

- **Any inmate who files a grievance must follow all instructions in Section 5 and 6 of Administrative Directive 9.6, "Inmate Administrative Remedies."**
- **Any grievance which does not follow the instructions identified in the above mentioned sections shall be rejected.**

**STATE THE PROBLEM AND REQUESTED RESOLUTION**

- Provide any factual information that is applicable, including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

ON 02.08.24 I WAS called to A&P where I was met by a C.O. Cain, C.O John Doe, and LT baribald, an C.O. John Doe. I was told I was on carera blocking a door in the unit 39 B 7-1 where I Emile I. Tsuma Sr stationed. LT baribald: ~~approchaached~~ E.T. Approched me with these other

| | |
|---|---|
| Inmate signature: Emile I. Tsuma Sr | Date: 02. 18. 24 |

- **Deposit this form in the "Administrative Remedies" box .**

**DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW**

| | |
|---|---|
| Date Received: | IGP #: |
| Disposition: | Date of Disposition: |
| Reason: | |
| ☐ This decision is not subject to further appeal. | ☐ This matter may be appealed within 5 calendar days. |
| Staff Name Print: | |
| Signature: | Date: |

CN 9602
REV
04/30/2021

# Inmate Grievance Form- Level 1

## Connecticut Department of Correction

| | |
|---|---|
| Facility/Unit: B.C.C. 38 A.4 | Date: 02.18.24 |
| Inmate name: Emile J. Edmund Jr. | Inmate number: |

### INMATE ADVISEMENT

- **Any inmate who files a grievance must follow all instructions in Section 5 and 6 of Administrative Directive 9.6, "Inmate Administrative Remedies."**
- **Any grievance which does not follow the instructions identified in the above mentioned sections shall be rejected.**

### STATE THE PROBLEM AND REQUESTED RESOLUTION

- Provide any factual information that is applicable, Including any responses from staff.
- State the action that you think should be taken to resolve the problem.
- PLEASE PRINT.

ON above date 02.08.24 D.O.C. employee illicitly attacked me (causing me to urinate all over myself provoking a anxiety state) against procedure and in violation of A.D. 12.17 on employee conduct and also A.D. 2.22 work place violence as I was subjected to a heinous, ganglike, hatefueled, retaliation ~~motived~~ E.T.

| | |
|---|---|
| Inmate signature: | Date: |

- **Deposit this form in the "Administrative Remedies" box.**

### DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

| | |
|---|---|
| Date Received: | IGP #: |
| Disposition: | Date of Disposition: |

Reason:

| | |
|---|---|
| ☐ This decision is not subject to further appeal. | ☐ This matter may be appealed within 5 calendar days. |

Staff Name Print:

| | |
|---|---|
| Signature: | Date: |

# Disciplinary Investigation Report
## Connecticut Department of Correction

CN 9505/1
REV 10/01/19

| | | |
|---|---|---|
| Facility/Unit: BCC | Report number:Bcc-dr-24-02-039 | Report date: 2/8/24 |
| Inmate name: Tusma, Emile | Inmate number: 272504 | Housing: RHU |
| Investigator: Fowlkes | Advisor: N/A | |
| Date Advisor notified: N/A | ☒ Inmate declines use of Advisor | |
| Inmate signature: (inmate refused to sign or participate on 2/21 @10:30am) | Date: 2/21/24 | |

**ACCUSED INMATE INTERVIEW**

Inmate informed of process of investigation and hearing: ☒ Yes ☐ No

Inmate's version of incident:

This Officer met with Inmate Tsuma on 2/21/24, This Officer attempted to get Inmate Tsuma to participate in the pre-hearing investigation and sign all pertaining paperwork but Inmate Tsuma became agitated, bothered, and refused to answer any pre-hearing investigation questions or sign any paperwork pertaining to the hearing. This was witnessed by C/O F. Hernandez.

**INMATE WITNESS REQUEST**

Inmate requests witness(es): ☐ Yes ☒ No

| | | |
|---|---|---|
| If NO, inmate signature: | (refused to sign or participate on 2/21 @10:30am) | Date: 2/21/24 |

**If YES, list witness (es) below and have witness (es) complete CN 9511, Inmate Witness Statement Form & attach.**

| | | |
|---|---|---|
| Inmate name: | N/A | Inmate number: |
| Inmate name: | N/A | Inmate number: |
| Inmate name: | N/A | Inmate number: |

# Disciplinary Report

## Connecticut Department of Correction

CN 9503/2
REV 10/01/19

| Investigator: Koolkes | Receipt date: 2/9/04 | Time: 800 ☒ am ☐ pm |
|---|---|---|

Attempt, accessory and conspiracy: When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

### CLASS A OFFENSES

Alteration of a specimen
Arson
Assault
Assault on a DOC employee
Bribery
Contraband (dangerous instrument, escape item, unauthorized currency, drug and/or tobacco, drug and/or tobacco paraphernalia, intoxicating substance, tattoo equipment, wireless communication device or component)
Creating a disturbance
Destruction of property ($100 or more)
Escape
Escape from PCS Supervision
Falsely Reporting an Incident
Felonious misconduct
Fighting
Flagrant disobedience
Hostage holding
Hostage holding of a DOC employee
Impeding order
Interfering with safety or security
Intoxication
Possession of Sexually Explicit Materials
Public Indecency
Refusal or Removal Of an Institutional Program or Policy
Refusal to give a specimen
Refusing Housing
Riot (declaration by DOC Commissioner)
Secreting identity
Security Risk Group Affiliation
Security tampering
Self-mutilation
Sexual misconduct
Theft ($100 or more)
Threats
Violation of Program Provisions

### CLASS B OFFENSES

Bartering
Causing a disruption
Contraband (unauthorized items, items in excess of authorized amounts.
Destruction of property (under $100)
Disobeying a direct order
Gambling
Giving false information
Insulting language or behavior
Misdemeanant misconduct
Out of place
Theft (under $100)

### CLASS C OFFENSES

Disorderly conduct
Lingering
Sanitary/housing violation
Violation of unit rules

**Waiver of 24-hour Notice**

I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| | |
|---|---|
| Inmate signature: | Date: |
| Witness signature: | Date: |

**Waiver of Appearance**

I hereby waive my appearance at the disciplinary hearing. This does not constitute a guilty plea.

| | |
|---|---|
| Inmate signature: | Date: |
| Witness signature: | Date: |

**Guilty Plea**

I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| | |
|---|---|
| Inmate signature: | Date: |
| Investigator/hearing officer signature: | Date: |

**Deferral of prosecution**

| | |
|---|---|
| ☐ Prosecution deferred by Disciplinary Coordinator | Through date: |
| Disciplinary Coordinator signature: | Date: |
| Inmate signature: | Date: |

# Disciplinary Report
## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| | | | |
|---|---|---|---|
| Facility/Unit: Bridgeport Correctional Center | | Report date: 2/8/2024 | |
| Inmate name: Tsuma, Emile | | Inmate number: 272504 | |
| Housing unit:39B 7-1 Cell | Location of incident: 39B 7-1 Cell | | |
| Report number: BCCDR-24-02-059 | Incident date: 2/7/2024 | Incident time: 4:58 | ☐ am ☒ pm |
| Offense: Interfering with Safety or Security | | Offense class: ☒ A ☐ B ☐ C | |

Description of violation:

After facility camera review, I, Lieutenant Garibaldi, witnessed Inmate Tsuma, Emile #272504 obstruct the closing of his cell door after emergency unit lock up. Inmate Tsuma placed his body in the way of 38B 7-1 Cell door and slowed its closing. The door was secured after he removed his body. Inmate Tsuma's actions interfered with the unit officer's official duty to secure the unit.

Witness(es):

Physical evidence:

| | | | |
|---|---|---|---|
| Reporting employee (print): Lt. Garibaldi | | Title: Lieutenant | |
| Reporting employee (signature): LT. Garibaldi | | | |
| Date: 2/8/2024 | Time: 12:20 ☐ am ☒ pm | Employee requests copy: ☐ yes ☐ no | |

**CUSTODY SUPERVISOR / UNIT MANAGER REVIEW**

| | | | |
|---|---|---|---|
| ☒ Administrative Detention | Date: 2/8/2024 | Time: 1:32 | ☐ am ☒ pm |
| ☒ Accused inmate interviewed | ☐ Informal disposition | | |
| Custody Supervisor / Unit Manager name (print): MIRANDA | | | |
| Custody Supervisor / Unit Manager signature: [signature] | | | |
| Title: Lieutenant | Date: 2/8/2024 | Time: 345 | ☐ am ☑ pm |

**INMATE NOTICE**

| | | | |
|---|---|---|---|
| Delivered by (print): Lahham | Delivered by (signature): Lahham | | |
| Title: C/O | Date: 02·08·24 | Time: 5:30 | ☐ am ☒ pm |

☒

- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.

# Disciplinary Process Summary Report

Connecticut Department of Correction

CN 9504/1
Rev 2/27/24

| | | | | |
|---|---|---|---|---|
| Facility/Unit: Bridgeport Correctional Center | | | Housing unit: 37B1-2 | |
| Report date: 2/8/24 | Report number: BCC-DR-2024-02-039 | | Hearing date: 3/1/24 | |
| Inmate name: Tsuma, Emile | | | Inmate number: 272504 | |
| Reporting employee: Lt. Garibaldi | | | DHO: **Lt. Czeremcha** | |
| Investigator: Officer Fowlkes | | | Advisor: **N/A** | |
| Inmate appearance: | ☒ yes ☐ no | Reason: | | |
| ☐ Suspended sentence | | | | |
| ☐ Deferred prosecution | Number of days | | Through: | |
| ☐ Charge dismissed | By: | | Reason: | |

Continuances (dates and reasons):
Start of Investigation; 2/9/24 to 2/21/24
Continuance 1; 2/22/24 to 3/1/24 pending hearing.

**SANCTIONS/PENALTIES:**

**SUMMARY**

| | Charge/class | Plea | Finding |
|---|---|---|---|
| Original | **IWSS / Class A** | **Not Guilty** | **Not Guilty** |
| Substitute | | | |

Forfeiture of Risk Reduction Earned Credits:

| | | |
|---|---|---|
| ☐ -10 | ☐ -15 | ☐ - 25 |
| ☐ - 60 | ☒ - _____ | |

| | | |
|---|---|---|
| ☐ Confidential information | Reliability: | |
| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
| | ☐ Use of force report | ☐ Other (specify) |

| | |
|---|---|
| Witness name: **N/A** | appearance ☐ yes ☐ no |
| Testimony: | |
| Witness name: **N/A** | appearance ☐ yes ☐ no |
| Testimony: | |
| Witness name: **N/A** | appearance ☐ yes ☐ no |
| Testimony: | |

| | | |
|---|---|---|
| ☐ Witness exclusion | Name: **N/A** | Reason: |

Physical evidence, written testimony:

# Disciplinary Process Summary Report

**Connecticut Department of Correction**

CN 9504/1
Rev 2/27/24

| | | | |
|---|---|---|---|
| Facility/Unit: Bridgeport Correctional Center | | | Housing unit: 37B1-2 |
| Report date: 2/8/24 | Report number: BCC-DR-2024-02-039 | | Hearing date: 3/1/24 |
| Inmate name: Tsuma, Emile | | | Inmate number: 272504 |
| Reporting employee: Lt. Garibaldi | | | DHO: **Lt. Czeremcha** |
| Investigator: Officer Fowlkes | | | Advisor: **N/A** |
| Inmate appearance: | ☒ yes ☐ no | Reason: | |
| ☐ Suspended sentence | | | |
| ☐ Deferred prosecution | Number of days | | Through: |
| ☐ Charge dismissed | By: | | Reason: |

Continuances (dates and reasons):
Start of Investigation; 2/9/24 to 2/21/24
Continuance 1; 2/22/24 to 3/1/24 pending hearing.

**SANCTIONS/PENALTIES:**

**SUMMARY**

| | Charge/class | Plea | Finding |
|---|---|---|---|
| Original | **IWSS / Class A** | **Not Guilty** | **Not Guilty** |
| Substitute | | | |

Forfeiture of Risk Reduction Earned Credits:

| | | |
|---|---|---|
| ☐ -10 | ☐ -15 | ☐ - 25 |
| ☐ - 60 | ☒ - _____ | |

| | | |
|---|---|---|
| ☐ Confidential information | Reliability: | |
| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
| | ☐ Use of force report | ☐ Other (specify) |

| | | | |
|---|---|---|---|
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |

| | | |
|---|---|---|
| ☐ Witness exclusion | Name: **N/A** | Reason: |

Physical evidence, written testimony:

I

# Disciplinary Investigation Report
## Connecticut Department of Correction

CN 9505/2
REV 10/01/19

### SUMMARY

Facts:

On 2/8/24, Inmate Tsuma, Emile #272504 received a Class A "Interfering with Safety and Security" Disciplinary Report after an incident in which Inmate can be seen on Verint Video slowing the cell door from closing during an emergency unit lock up.

Inmate was placed in the New Center Back Hospital on Mental Health Observation from 2/8/24 through 2/16/24. Per BCC administration, none of Inmate Tsuma's days in the back hospital were to count as RHU time. Inmate was sent to RHU on 2/16/24 to start serving his 5 Punitive Segregation days.

On 2/20/2024, This DRI met with Inmate Tsuma in RHU. Inmate was told of his options regarding the Disciplinary Report and elected to take the DR to hearing.

On 2/21/24, This DRI once again met with Inmate Tsuma to get hearing paperwork completed for the upcoming hearing. At this meeting inmate was asked if would like to leave a statement, elect to use a counselor advisor or call forth any inmate witnesses. Inmate Tsuma became so upset and bothered that his previous days in the New Center back hospital did not count towards his seg time that he blatantly refused to participate in any of the hearing investigation paperwork or questions. At this time, this Officer alerted C/O F.Hernandez to be a witness to Inmate Tsuma's active refusal to answer any of the pertaining questions that this DRI had for him.

Inmate Tsuma was released from RHU on 2/25/24 after 10 PS days.

Conclusion:

If the Inmate is found Guilty by DHO, this Investigator and Facility recommend these sanctions:

10 PS (already completed)

30 LOC

30 LOM

### INVESTIGATOR RECOMMENDATIONS

| | |
|---|---|
| ☐ recommend deferred prosecution | Reason: |
| ☐ recommend dismissal | |
| ☐ recommend substitute charge | |
| ☐ other, specify: | |

| | |
|---|---|
| Investigator signature: *Officer Fowlkes* | Date: 2/28/24 |

Copy: inmate master file

# Disciplinary Process Summary Report

**Connecticut Department of Correction**

CN 9504/1
Rev 10/01/19

| | | |
|---|---|---|
| Facility/Unit: Bridgeport Correctional Center | | Housing unit: HOSP/ RHU |
| Report date: 2/8/24 | Report number: BCC-DR-2024-02-040 | Hearing date: N/A |
| Inmate name: Tsuma, Emile | | Inmate number: 272504 |
| Reporting employee: Lt. Garibaldi | | DHO: **N/A** |
| Investigator: Officer Fowlkes | | Advisor: **N/A** |
| Inmate appearance: | ☐ yes ☒ no | Reason: 9510 Dismissal Generated |
| ☐ Suspended sentence | | |
| ☐ Deferred prosecution | Number of days | Through: |
| ☒ Charge dismissed | By: | Reason: |
| Continuances (dates and reasons): | | **SANCTIONS:** No Sanctions Given |

**SUMMARY**

| | Charge/class | Plea | Finding |
|---|---|---|---|
| Original | **Flagrant Disobedience** | **Not Guilty** | **Dismiss.** |
| Substitute | | | |

Forfeiture of Risk Reduction Earned Credits:

| | | |
|---|---|---|
| ☐ -10 | ☐ -15 | ☐ - 25 |
| ☐ - 60 | ☒ - ______ | |

| | | |
|---|---|---|
| ☐ Confidential information | Reliability: | |
| Documentation submitted: | ☐ Incident report | ☐ Medical incident report |
| | ☐ Use of force report | ☒ Other (specify) 9510 Dismissal Form |

| | | | |
|---|---|---|---|
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |
| Witness name: **N/A** | appearance | ☐ yes | ☐ no |
| Testimony: | | | |

| | | |
|---|---|---|
| ☐ Witness exclusion | Name: **N/A** | Reason: |

Physical evidence, written testimony:

# Disciplinary Report

## Connecticut Department of Correction

CN 9503/1
REV 10/01/19

| | | | |
|---|---|---|---|
| Facility/Unit: Bridgeport Correctional Center | | Report date: 2/8/2024 | |
| Inmate name: Tsuma, Emile | | Inmate number: 272504 | |
| Housing unit:39B 7-1 Cell | Location of incident: 38A Holding Cell | | |
| Report number: | Incident date: 2/8/2024 | Incident time: 12:54 ☐ am ☒ pm | |
| Offense: Flagrant Disobedience | | Offense class: ☒ A ☐ B ☐ C | |

Description of violation:

During an RHU placement, Inmate Tsuma, Emile #272504 was asked if he would comply with a routine strip search. Inmate Tsuma refused to answer the question and stated, "I am not going to answer any questions." Due to his lack of response, a controlled strip search was conducted. Inmate Tsuma failed to comply with my lawful directions challenging my authority, which jeopardized the safety of the facility.

Witness(es):

Physical evidence:

| | | |
|---|---|---|
| Reporting employee (print): Lt. Garibaldi | | Title: Lieutenant |
| Reporting employee (signature): Lt. [signature] | | |
| Date: 2/8/2024 | Time: 2:00 ☐ am ☒ pm | Employee requests copy: ☐ yes ☐ no |

**CUSTODY SUPERVISOR / UNIT MANAGER REVIEW**

| | | |
|---|---|---|
| ☒ Administrative Detention | Date: 2/8/2024 | Time: 1:32 ☐ am ☒ pm |
| ☒ Accused inmate interviewed | ☐ Informal disposition | |
| Custody Supervisor / Unit Manager name (print): MIRANDA | | |
| Custody Supervisor / Unit Manager signature: [signature] | | |
| Title: Lieutenant | Date: 2/8/2024 | Time: 345 ☐ am ☑ pm |

**INMATE NOTICE**

| | | |
|---|---|---|
| Delivered by (print): Lahhum | Delivered by (signature): Lahlam | |
| Title: C/O | Date: 02-08-24 | Time: 5:30 ☐ am ☒ pm |

☒
- Check if inmate receiving disciplinary report is placed on a Behavioral or Mental Health Observation Status.
- If applicable, delivering officer must read the Disciplinary Report to the inmate and leave the copy at the Officers Station.
- Once a qualified mental health provider deems that the inmate can retain paper, the Disciplinary Report shall be issued to the inmate in accordance with this directive.
- Note: Timeframes associated with the disciplinary report process for inmates initially placed on Behavioral or Mental Health Status shall not be altered and will continue as outlined in this directive.

**IF YOU DO NOT WRITE YOUR NAME, INMATE NUMBER, BLOCK AND YOUR BED NUMBER YOU WILL NOT BE ABLE TO GET A RESPONSE BACK.**

# Inmate Request Form

## Connecticut Department of Correction

CN 9601
REV 1/31/09

| Inmate name: Emile J. Isaac Jr | Inmate number: 372564 |
|---|---|
| Facility/Unit: BCC | Housing: BLK 37 UNT B COR 7 CELL 2 | Date: 03.12.24 |

Submitted to: Mental Health

Request: What these officers did to me is equal to a school hazing or/and sexual misconduct. I hope and pray that something is being done about this and this never happens to anybody again. I have spent years getting over past assaults that I suffered this has set me back decades. Please get back to me at your earliest convenience.

Thank you in advance.

continue on back if necessary

Previous action taken:

continue on back if necessary

| Acted on by (print name): | Title: |
|---|---|

Action taken and/or response:

continue on back if necessary

| Staff signature: | Date: |
|---|---|

**IF YOU DO NOT WRITE YOUR NAME, INMATE NUMBER, BLOCK AND YOUR BED NUMBER YOU WILL NOT BE ABLE TO GET A RESPONSE BACK.**

# Inmate Request Form

**Connecticut Department of Correction**

CN 9601
REV 1/31/09

| | |
|---|---|
| Inmate name: Emile I AM Isaac Sr | Inmate number: 372504 |
| Facility/Unit: **BCC** Housing: **BLK** 39 **UNT** B **COR** 7 **CELL** 1 | Date: 02.19.24 |
| Submitted to: Medical | |

Request: my foot has been swelling since the incident with the O.O.D and LT. [illegible]. Can I please have a X-RAY for my left leg.

Thank you in advance
Emile I Isaac Sr

continue on back if necessary

Previous action taken:

continue on back if necessary

| | |
|---|---|
| Acted on by (print name): | Title: |

Action taken and/or response:

continue on back if necessary

| | |
|---|---|
| Staff signature: | Date: |